# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SKYLOR GEORGEANN WILKERSON,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>**Acting Commissioner of the Social**<br>**Security Administration,**<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   **Case No. CIV-15-167-JHP-SPS**<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

The Plaintiff Skylor G. Wilkerson appealed the denial of her request for benefits by the Commissioner of the Social Security Administration. On appeal, the Commissioner reviewed the Plaintiff's case and, based on that review, has moved this Court to remand the case to the Social Security Administration for further proceedings as appropriate. The Plaintiff asserts that further proceedings are not appropriate and that this case should be remanded for an immediate award of benefits. The Court has now referred the Commissioner's motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the undersigned Magistrate Judge now recommends that the Defendant's Opposed Motion to Reverse and Remand for Further Administrative Proceedings Pursuant to Sentence Four of the Social Security Act [Docket No. 21] be GRANTED to the extent

that this case be REVERSED and REMANDED to the Social Security Administration, but that the remand should be for a full award of benefits as requested by the Plaintiff.

## PROCEDURAL HISTORY

As Plaintiff correctly notes, this case has been pending for ten years. On May 30, 2006, the Plaintiff applied for Child's Insurance Benefits and Supplemental Security income. Her applications were denied. ALJ Deborah Rose held an administrative hearing and determined that the claimant was not disabled in a written opinion dated April 29, 2008. The Appeals Council denied review, but this Court reversed in Case No. CIV-09-245-FHS-KEW, and remanded the case with instructions to further develop the record with regard to the claimant's mental impairments. On remand, ALJ Trace Baldwin conducted a supplemental video hearing, and after the production of interrogatories to a vocational expert, informed the Plaintiff that she had the right to a supplemental hearing upon request. Plaintiff requested such a hearing, but did not receive one, and ALJ Baldwin found in a written opinion dated May 22, 2012, that the claimant was not disabled. The Appeals Council again denied review, but the claimant appealed, requesting remand for award of benefits, and this case was again reversed in Case No. CIV-12-371-RAW-KEW. In that decision, the Court remanded to the ALJ for violating the Plaintiff's due process right to a supplemental hearing, and further found that the claimant appeared to meet the requirements of Listing 12.05C on its face. In her written Report and Recommendation, United States Magistrate Judge Kimberly West stated, "This Court acknowledges Claimant's request for a remand with instructions to award benefits because this case has been previously remanded. This Court declines to

remand with an award instruction on this occasion but *reserves the right to do so in any future appeal* should the Commissioner fail in the execution of her obligation under the law as blatantly as was done in this latest decision." *See* Case No. CIV-12-371-RAW-KEW, *Wilkerson v. Colvin*, Docket No. 21, p. 9 (emphasis added). United States District Judge Ronald A. White adopted the Report and Recommendation, reversing and remanding the case on March 24, 2014, pursuant to the fourth sentence of 42 U.S.C. § 405(g). *See* Case No. CIV-12-371-RAW-KEW, *Wilkerson v. Colvin*, Docket No. 22. On remand, ALJ James Bentley held yet another administrative hearing and also determined that the claimant was not disabled in a written opinion dated January 7, 2015. The Appeals Council yet again denied review, and the Plaintiff appealed to this Court for the third time.

**FINDINGS**

The Commissioner now requests that this case be remanded to an Administrative Law Judge ("ALJ") to conduct a *de novo* review, with particular instructions to: (i) evaluate the severity of Plaintiff's intellectual disability under the special technique described in 20 C.F.R. §§ 404.1520a and 416.920a; (ii) order a psychological consultative examination if the opinion of Robert Danaher, Psy.D., cannot be supplemented; (iii) further evaluate whether Plaintiff's impairments meet or medically equal in severity the criteria of Listing 12.05; and (iv) if necessary, obtain medical expert testimony regarding the nature and severity of Plaintiff's intellectual disability and the resulting functional limitations. The Commissioner opposes remand for payment of benefits, asserting that the record does not establish the claimant has a disability,

-3-

particularly that there remains a fact issue of whether the Plaintiff demonstrated a deficit of adaptive functioning prior to age 22 (relevant to the "capsule definition" of Listing 12.05). The Plaintiff argues that a remand for further proceedings is inappropriate in light of the repeated blatant errors committed in this case over the course of three appeals to this Court, and that a remand should be for immediate payment of benefits. Alternatively, Plaintiff requests that any remand for further proceedings be with a time limit to the Commissioner of no longer than six months.

"When a decision of the [Commissioner] is reversed on appeal, it is within this court's discretion to remand either for further administrative proceedings or for an immediate award of benefits." *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). The undersigned Magistrate Judge finds that a remand for award of benefits is appropriate in this case. Even the Commissioner, in reciting in her reply brief the case law collected in *Bryant v. Colvin*, 2013 WL 2389486, at *3 (D. Kan. May 30, 2013), has acknowledged the Tenth Circuit's holding in a case where the disability application had been pending six years: "[One] of the relevant factors we consider [is] the length of time the matter has been pending." *Huffman v. Astrue*, 290 Fed. Appx. 87, 90 (10th Cir. 2008), *quoting Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) ("Some of the relevant factors we consider are the length of time the matter has been pending and whether or not given the available evidence, remand for additional fact-finding would serve any useful purpose but would merely delay the receipt of benefits.") (internal citations omitted). The Commissioner nevertheless asserts that the length of time is not a determining factor, and rather the issue is whether factual determinations remain. This

misstates the standard. *Both* are relevant factors to be considered. In this case, the Plaintiff has been forced to appeal to this Court three times for essentially the same error – the inability to appropriately account for her mental impairments and whether she meets Listing 12.05, despite this Court's previous finding that she meets the requirements on the face of the Listing and a warning that the Court reserved the right to award benefits should the Commissioner "fail in the execution of her obligation under the law as blatantly as was done in this latest decision." *See* Case No. CIV-12-371-RAW-KEW, *Wilkerson v. Colvin*, Docket No. 21, pp. 8-9. Here, the Social Security Administration has been given numerous opportunities to properly evaluate the same issue – her mental impairments. This has taken ten years. Accordingly, *both* factors weigh in favor of the Plaintiff. Nevertheless, the Commissioner has requested that this Court again remand to yet another ALJ for further evaluation of whether she meets the Listing. Under these circumstances, the undersigned Magistrate Judge finds that additional fact finding would only serve the purpose of delay of the receipt of benefits, and that a ten-year delay involving three appeals to this Court was sufficient time to allow the Social Security Administration to properly adjudicate the Plaintiff's disability application. *Miller v. Chater*, 99 F.3d 972, 978 (10th Cir. 1996) (On second appeal and after four administrative hearings, "[W]e would caution the agency that '[t]he Secretary is not entitled to adjudicate a case 'ad infinitum until it [sic] correctly applies the proper legal standard and gathers evidence to support its [sic] conclusion.'"), *quoting Sisco v. U.S. Department of Health and Human Services*, 10 F.3d 739, 746 (10th Cir. 1993), *quoting Thaete v. Shalala*, 826 F. Supp. 1250, 1252 (D. Colo. 1993). *Compare with Tucker v.*

*Barnhart*, 201 Fed. Appx. 617, 620, 625 (10th Cir. 2006) (reversing and remanding for further proceedings even though the case had already been pending for nine years, where a previous district court remand order did not mention the most recent arguments on appeal and the record did not reflect the claimant had requested the ALJ consider the relevant listings).

Accordingly, the undersigned Magistrate Judge hereby PROPOSES the findings set forth above and RECOMMENDS that the Defendant's Opposed Motion to Reverse and Remand for Further Administrative Proceedings Pursuant to Sentence Four of the Social Security Act [Docket No. 21] be GRANTED to the extent that this case be REVERSED and REMANDED for a full award of benefits to the Plaintiff. Any objection to this Report and Recommendation must be filed within fourteen days. See Federal R. Civ. P. 72(b)(2).

**IT IS SO ORDERED** this 7TH day of June, 2016.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma